## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRAIG BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. |
| v. ) | |
| ) | |
| CITY OF WILMINGTON; ) | JURY TRIAL DEMANDED |
| JOHN LOONEY in his individual ) | |
| and official capacity as ) | |
| Fire Department Chief, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Craig Black ("Plaintiff"), files this action against Defendants, City of Wilmington ("Defendant" or "City") and John Looney ("Defendant Looney") individually and in his official capacity as Fire Department Chief, for compensatory and punitive damages for violations of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1983 for rights secured by the Fourteenth Amendment.

## NATURE OF THE ACTION

2. Plaintiff began his employment with Defendant City of Wilmington on October 13, 1997.

3. Defendant City of Wilmington wrongly discriminated against Plaintiff due to his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII").

4. Defendants' procedures used in the selection of the Captain position denied Plaintiff of his substantive and procedural rights in violation of the Fourteenth Amendment and thereby caused him harm.

## JURISDICTION

5. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C § 1331, § 1343(a)(3).

6. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff is a resident of Bear, Delaware, who at all times relevant to this Complaint was an employee of Defendant City of Wilmington.

8. Defendant City of Wilmington is a municipal government existing under the laws of the State of Delaware pursuant to 40 Del. Laws, Chapter 179, as amended by 46 Del. Laws, Chapter 236, within the Wilmington City Code Art. I, § I-100.

9. Defendant John Looney acted both individually and under color of law as an agent or employee of the City of Wilmington at all relevant times hereto.

## ADMINISTRATIVE PROCESS

10. On April 28, 2021, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging race discrimination and retaliation against Defendant City of Wilmington.

11. On August 11, 2021, Plaintiff filed a timely amended Charge of Discrimination with the DDOL, alleging additional race discrimination and retaliation against Defendant City of Wilmington.

12. On April 27, 2022, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL, attached hereto as *Exhibit A*.

13. On May 17, 2022, Plaintiff received a "Final Determination and Right to Sue Notice" from the EEOC, attached hereto as *Exhibit B*.

14. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

### Summary of Plaintiff's Employment

15. Plaintiff began his employment with Defendant City of Wilmington on October 13, 1997, in the position of firefighter.

16. Plaintiff currently holds the rank of Lieutenant.

17. Plaintiff has received high employment evaluations and countless commendations throughout his over twenty-year tenure with Defendant City of Wilmington.

18. The City of Wilmington Fire Department has a selection process in place for the selection of the position of Captain.

19. The City of Wilmington Fire Department tests firefighters who apply for a promotion every two years and places the firefighters into different promotional bands within the City of Wilmington Fire Department.

20. When there is a vacancy for the position of Captain, the Chief of Fire is required to select a Lieutenant from the Band One list of potential eligible candidates to be promoted.

21. In or around April of 2020, Lieutenant Black tested to be a part of the promotional Band list.

22. In July of 2020, the City of Wilmington Fire Department released the Band lists.

23. Plaintiff was a part of the Band One list, with eight other firefighters. Plaintiff was the only African American firefighter on the Band One list.

24. In or around September of 2020, after Plaintiff was selected to the Band One list, Plaintiff was brought up on fictitious charges by Defendant City of Wilmington.

25. In or around November and December of 2020, there were three vacant Captain positions.

26. Even though Plaintiff had over twenty years of experience as a firefighter, Defendants failed to select Plaintiff for any of the vacant Captain promotional positions. Rather, Defendants chose to fill the three vacant captain positions with three Caucasian firefighters.

27. From November 2020 through July 2021 there were five vacant promotional Captain positions in which Plaintiff was qualified. Defendants filled each of those positions with a Caucasian male.

28. On or about November 13, 2020, Fire Chief Michael Donahue selected Jacob Morente, a Caucasian male with fourteen years of experience as a firefighter with the City of Wilmington, for a vacant Captain position.

29. On or about November 16, 2020, Fire Chief Michael Donahue selected Andrew Cavanaugh, a Caucasian male with ten years of experience as a firefighter with the City of Wilmington, for a vacant Captain position.

30. On or about December 22, 2020, Fire Chief Michael Donahue selected Griffith Jordan, another Caucasian male with twelve years of experience as a firefighter with the City of Wilmington, for a vacant Captain position.

31. On or around May 13, 2021, Defendant John Looney, Caucasian male, was appointed the new Fire Chief of the Wilmington Fire Department.

32. Thereafter, on or around May 13, 2021, Defendant Looney selected Matthew Marsella, another Caucasian male with nine years of experience as a firefighter with the City of Wilmington, for a vacant Captain position.

33. On or around July 1, 2021, Defendant Looney selected Jason Strecker, another Caucasian firefighter with eighteen years of experience, for a vacant Captain position.

34. Plaintiff, an African American male, has more years of service and experience than any of the Caucasian firefighters promoted over him to the position of Captain.

35. Throughout Plaintiff's over twenty years of service with Defendant City of Wilmington, he has received numerous commendations, awards, recognitions and high evaluations.

36. Plaintiff was on the Band One list and eligible to be selected to the position of Captain.

37. Plaintiff was more qualified than his Caucasian counterparts selected for the position of Captain.

38. Defendants failed to select Plaintiff for the position of Captain on numerous occasions on the basis of Plaintiff's race.

39. Upon information and belief, Defendant City of Wilmington has not promoted an African American to the position of Captain in almost ten years, despite numerous opportunities.

40. Defendants chose not to promote Plaintiff because of his race.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendants.

## COUNT I

**Discrimination Based on Race in Violation of the Title VII of the Civil Rights Act of 1964
(42 U.S.C. § 2000e *et al*.)**
*Against Defendant City of Wilmington*

41. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 40 as if fully restated herein.

42. Defendant City of Wilmington employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e (b).

43. At all times relevant hereto, Plaintiff was employed by Defendant City of Wilmington and is an "Employee" as defined by 42 U.S.C. § 2000e (f).

44. Plaintiff received a Right to Sue letter from the EEOC on May 17, 2022. Plaintiff has satisfied all statutory prerequisites for filing this action.

45. Title VII makes it unlawful for an employer to discriminate against any individual with respect to compensation or terms, conditions, or privileges of employment based on race.

46. Plaintiff, an African American male, is a member of a protected class.

47. Plaintiff was qualified for the position of Captain of the City of Wilmington Fire Department as evidenced by his years of experience, training and exemplary performance ratings.

48. Plaintiff suffered an adverse employment action when Defendant City of Wilmington and Defendant Looney, failed to promote him to the position of Captain of the City of Wilmington Fire Department on numerous occasions.

49. Plaintiff was more qualified than the Caucasian firefighters selected for the multitude of vacant Captain positions.

50. Plaintiff was not selected as a Captain of the City of Wilmington Fire Department because of his race.

51. Defendant City of Wilmington's discrimination against Plaintiff on the basis of his race constitutes an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964.

52. Plaintiff suffered damages as a result of Defendant City of Wilmington's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, physical pain, compensatory damages and the costs of bringing this action.

## COUNT II

### Retaliation Based on Race in Violation of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. al.)
*Against Defendant City of Wilmington*

53. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 53 as if fully restated herein.

54. Plaintiff engaged in protected activity when he filed a Charge of Discrimination with the Delaware Department of Labor on April 28, 2021, reporting race discrimination.

55. After filing the Charge, on or around May 13, 2021, and July 1, 2021, Plaintiff was again denied promotions to the rank of Captain, despite being the most qualified candidate.

56. Defendant City of Wilmington did not select Plaintiff to the be Captain because of his race and in retaliation for filing the Charge of Discrimination with the Delaware Department of Labor.

57. Plaintiff suffered damages as a result of Defendant City of Wilmington's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, physical pain, compensatory damages and the costs of bringing this action.

## COUNT III

### Violation of 42 U.S.C § 1983
### (Monell Custom and Policy)
*Against all Defendants*

58. Plaintiff hereby restates and incorporated by reference paragraphs 1 through 57 as if fully restated herein.

59. Municipal bodies are liable for constitutional violations under 42 U.S.C § 1983 when execution of its official policy or custom deprives an individual of his rights protected under the Constitution.

60. Defendants, by official policy and or custom, subjected Plaintiff to racially discriminatory hiring and promotional practices.

61. Defendants' promotional process is unconstitutional and is based upon racially discriminatory customs, policies and practices.

62. The policy, pattern of practice, and/or custom of not having promotional criterion for the Fire Chief to follow when selecting a firefighter from the Band List, thus allowing the Fire Chief to use race as a factor in its promotional system and processes, amounts to a deliberate indifference to Plaintiff's constitutional rights.

63. Defendants' unconstitutional custom and policy resulted in Plaintiff not being selected for a Captain position on numerous occasions because of his race, causing Plaintiff financial and professional injury.

64. Defendant Looney, as a policymaker and final decisionmaker, created a policy of not selecting African Americans for the Captain position.

65. The unconstitutional behavior of the Defendants was carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of Plaintiff.

66. Defendants' established customs and policies have violated Plaintiff's right to due process as protected under the Fourteenth Amendment.

67. As a result, Defendants have caused Plaintiff to suffer financial and professional damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendants to be in violation of Plaintiff's statutory rights and common law rights.

B. Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgment interest, equity, emotional distress damages, punitive damages and any or all pecuniary damages.

C. Award Plaintiff all compensation due as a result of Defendants' violations herein.

D. Award Plaintiff an equal and additional amount as liquidated damages.

E. Award Plaintiff costs and reasonable attorney's fees.

F. Award Plaintiff pre and post judgment interest at the legal rate.

G. Award Plaintiff the rank of Captain backdated from the start of Defendants' discriminatory practices.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

                        **ALLEN & ASSOCIATES**
                        */s/ Michele D. Allen*
                        Michele D. Allen (#4359)
                        Emily A. Biffen (#6639)
                        4250 Lancaster Pike, Suite 230
                        Wilmington, DE 19805
                        302-234-8600
                        302-397-3930 (fax)
                        michele@allenlaborlaw.com
                        emily@allenlaborlaw.com
                        *Attorneys for Plaintiff*

Dated: June 14, 2022